COLEMAN, RESPONDENT, *v.* NORTHERN PACIFIC RAIL-
WAY CO., APPELLANT.

(No. 2,810.)

(Submitted April 5, 1910.   Decided April 18, 1910.)

[108 Pac. 582.]

*Notaries Public—Fees—Depositions.*

> 1.  A notary public who, in taking depositions, made use of a stenog-
> rapher employed for that purpose by the party at whose instance
> they were being taken, and who merely swore the witnesses and at-
> tached his certificate to each deposition, was entitled only to the fees
> prescribed by statute for attaching his certificate and administering
> the oaths, and not to the additional sum of twenty cents per folio
> for transcribing the testimony allowed by section 3165, Revised Codes.

*Appeal from District Court, Silver Bow County; John B.
McClernan, Judge.*

ACTION by John A. Coleman against the Northern Pacific Rail-
way Company.   Judgment for plaintiff, and defendant appeals
from it and an order denying a new trial.   Modified and af-
firmed.

*Messrs. Wm. Wallace, Jr., John G. Brown,* and *R. F. Gaines,*
submitted a brief in behalf of Appellant.   *Mr. Brown* argued
the cause orally.

No appearance for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The complaint in this action alleges that between the fifteenth
and twentieth days of December, 1908, the defendant engaged
and employed the plaintiff as a notary public to take the depo-
sitions of certain witnesses in the case of Ethel Berry against
the Northern Pacific Railway Company, then pending in the
district court of Silver Bow county, which depositions were then
and there taken before plaintiff, as notary public, at the in-
stance and request of the defendant, "for which plaintiff was

entitled to the sum of $61.80, fees as provided by the laws of Montana,'' and by reason of the premises defendant became indebted to plaintiff in the sum mentioned, for which judgment is demanded. The answer was a general denial.

The testimony shows that plaintiff was employed by John G. Brown, Esq., one of the attorneys for the defendant, to take the depositions; that he, as notary public, swore the witnesses; whereupon their testimony was taken in shorthand by one Frank Riley, a stenographer employed by the defendant. After the testimony was transcribed by Riley, plaintiff attached his certificate to each deposition as notary public. He made no objection to the employment of Riley, and the latter has been fully paid for his services by the defendant, at statutory rates, the plaintiff being notified of such payment. The district court of Silver Bow county held that, if Brown employed Riley, plaintiff was entitled to recover the full amount claimed, but that, if Riley was employed by the plaintiff then the latter was not entitled to recover. Plaintiff's position was that he was entitled to full compensation under the statute, regardless of whether he did the manual labor or not. He was not present during all of the time when the witnesses were testifying, but, as he says, he ''supervised the whole thing.'' The district court directed a verdict in favor of the plaintiff for $61.80, judgment was entered thereon, from which judgment, and an order denying a new trial, defendant has appealed. The cause originated in a justice of the peace court, and was taken to the district court by appeal.

We think the district court entertained an erroneous view as to the plaintiff's rights. The statute relied on for recovery reads, in part, as follows: ''Sec. 3165 [Revised Codes]. Fees of notaries public. * * * For drawing an affidavit, deposition, or other paper, * * * for each folio unless otherwise prescribed, twenty cents. For taking an acknowledgment or proof of a deed or other instrument, to include the seal and the writing of the certificate, for the first signature, one dollar. For each additional signature, fifty cents. For administering an

oath or affirmation, twenty-five cents. For certifying an affidavit, with or without seal, including oath, fifty cents.''

When the plaintiff was employed to take these depositions by Mr. Brown, it was his privilege to do one of three things, viz.: (1) He could write out the testimony himself, or (2) employ a stenographer to do so at whatsoever compensation might be agreed upon between them, or (3) allow the defendant to furnish the stenographer. In the first two cases he might legally charge full statutory rates for the work of taking and transcribing the testimony. In the third case he could not so charge, for the very obvious reasons: (1) That he did not perform the work; and (2) by failure to insist upon his right to furnish the stenographer, he impliedly consented to the employment of that person by the defendant. As Riley has been fully paid, it would be manifestly unjust to compel the defendant to pay twice for the same services. The general policy of the law on the subject of double payment for services is clearly indicated by section 7199, Revised Codes, which reads as follows: ''In all cases where copies of pleadings, affidavits, or other papers are to be served, neither the sheriff nor clerk shall charge or receive a fee for making such copies when the same are furnished to such officer by the party to the action or his attorney.''

We have not had the benefit of any argument, either written or oral, in behalf of the respondent, and are therefore unable to ascertain how he arrived at the amount claimed, to-wit, $61.80. The depositions contained two hundred and ninety-four folios of testimony, which, at twenty cents per folio, would amount to $58.80. This sum is $3 less than the amount claimed; whereas, the amount actually due him was $1.50 for certifying the three depositions, including the administering of the oaths. It does not appear that any tender or offer of judgment was made by the defendant, and it was therefore necessary for the plaintiff to invoke the aid of the courts in order to recover the amount due him.

The cause is remanded to the district court, with direction to reduce the judgment to the sum of $1.50, and, as so reduced, it

will stand affirmed.   The order denying a new trial is affirmed.
Let the costs of appeal be paid by the appellant.

                                        *Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.